# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DREW HARDWARE, L.L.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-845-R |
| ) | |
| **(1) HARTFORD FIRE INSURANCE,** ) | |
| **CO., and** ) | |
| **(2) SENTINEL INSURANCE** ) | |
| **COMPANY, LTD.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Amend Petition [Doc. No. 16], Motion to Amend Complaint [Doc. No. 17], and Third Amended Motion to Amend Complaint [Doc. No. 18]. Plaintiff has sued Defendants for breach of contract, breach of the duty of good faith and fair dealing, violation of the Oklahoma Consumer Protection Act, and agent neglect. Pet. 8-12. This action stems from Defendants' denial of insurance coverage for roof damage allegedly done to Plaintiff's commercial building as a result of a hail storm on April 26, 2013 in Harrah, Oklahoma. Pet. ¶¶ 2, 6-8, 16. Plaintiff owns the building, but seeks to amend its Petition to add Judy Hood and Beverly Hoster as additional plaintiffs to assert claims for breach of contract and violation of the duty of good faith and fair dealing. *Id.* ¶ 2; Doc. No. 18, at 2. Plaintiff argues that its members, Hood and Hoster, are the "third party beneficiaries of the insuring agreement which insures the structure inherited by them and which is the subject of this lawsuit." Doc. No. 21, at 1; Doc. No. 17, at 1. Defendants object, arguing that Hood and Hoster do not have standing and are not the real parties in interest. Doc. No. 20, at 1.

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.SPIRE Commc'ns, Inc. v. New Mexico Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (citations omitted). Under Oklahoma law, a third party beneficiary to a contract may sue to enforce that contract before it is rescinded. OKLA. STAT. ANN. tit. 15, § 29 (West). Whether a party is a third party beneficiary is determined by "the parties' intent 'as reflected in the contract which must provide the answer to the question of whether the contracting parties intended that a third person should receive a benefit which might be enforced in the courts.'" *Shebester v. Triple Crown Insurers*, 974 F.2d 135, 138 (10th Cir. 1992) (quoting *Keel v. Titan Const. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981)). This requires looking at "the terms of the contract as a whole." *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.*, 545 P.2d 746, 749 (Okla. 1976) (quoting 17 Am.Jur.2d, Contracts § 304, pp. 727-28).

Defendants have attached to their brief a copy of, what they assert is, to the best of their knowledge, the entire insurance policy at issue. Doc. No. 20, Ex. 2. The last page of the attached document, however, states "CONTINUED ON NEXT PAGE." *Id.*, Ex. 2, at 7. Additionally, the first page of the policy states that the document includes the Declarations, Coverage Forms, and Common Policy Conditions, but the only information provided in the attachment is the Declarations. *Id.* at 3-7.

To assist the undersigned in analyzing the issue of third party beneficiaries, Plaintiff shall file with the Court a copy of the entire insurance policy at issue by January 15, 2015.

IT IS SO ORDERED this 9th day of January, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE