# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DREW HARDWARE, L.L.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-845-R |
| ) | |
| **(1) HARTFORD FIRE INSURANCE,** ) | |
| **CO., and** ) | |
| **(2) SENTINEL INSURANCE** ) | |
| **COMPANY, LTD.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Drew Hardware's First Motion to Compel. Doc. No. 22. This action stems from Defendants' denial of insurance coverage for roof damage allegedly done to Plaintiff's commercial building as a result of a hail storm in April 2013 in Harrah, Oklahoma. Pet. ¶¶ 2, 6-8, 16. Plaintiff brought claims against Defendants for breach of contract, breach of the duty of good faith and fair dealing, violation of the Oklahoma Consumer Protection Act, and agent neglect. *Id.* at 8-12. Plaintiff filed a motion to compel disclosure of documents concerning Alicia Buie, a former adjuster for Hartford Fire Insurance Co. who handled Plaintiff's hail claim. Doc. No. 22, at 1, 3. Defendants have since provided Plaintiff a majority of the information requested, except for copies of Ms. Buie's performance reviews and documentation concerning her discipline and termination. Doc. No. 27, at 1. Plaintiff seeks documents covering the time period from January 1, 2011 through Ms. Buie's termination in 2013. Doc. No. 22, Ex. 3, at 2 (Request for Production No. 29). Defendants contend this information is confidential and irrelevant to Plaintiff's claims in this case. Doc. No. 26, at 3.

**Relevance**

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." According to Plaintiff, Ms. Buie's supervisor testified at his deposition that she was disciplined and ultimately terminated for poor work performance. Doc. No. 22, at 3. Defendants point out that her supervisor also testified that Ms. Buie's termination did not result from her handling of Plaintiff's hail claim, and her performance reviews do not involve the Plaintiff's claim. Doc. No. 26, at 3. Plaintiff contends that the information requested is reasonably calculated to lead to the discovery of admissible evidence because it will show "her performance shortcomings as an adjuster[,] which may have predictably played a role in her failure to reasonably investigate," and it may also demonstrate "Hartford's furtherance of corporate financial goals and/or objectives at policyholder expense." Doc. No. 22, at 6.

The Court finds that the documents requested are reasonably calculated to lead to the discovery of admissible evidence. Even if Ms. Buie's performance reviews and discipline documentation do not explicitly mention Plaintiff's hail claim, these documents likely outline Ms. Buie's deficiencies in her position as a claims adjuster. This information is relevant to Plaintiff's claim of breach of the implied covenant of good faith and fair dealing, in which Plaintiff alleges that Defendants failed to "reasonably

investigate, evaluate and thereafter pay the claim submitted by Drew Hardware." Pet. ¶ 24.

## **Confidentiality**

Defendants next argue that Ms. Buie's personnel file is confidential, and thus not subject to discovery. But they do not explain why the Court's Protective Order [Doc. No. 14] is insufficient to protect this confidential information. This Order applies to all confidential information produced in this litigation, including personnel files. *Id.* ¶¶ 1-2. Moreover, Plaintiff's request is limited to copies of Ms. Buie's performance reviews and discipline documentation from January 1, 2011 through her termination in 2013. Doc. No. 22, Ex. 3, at 2 (Request for Production No. 29). This narrow request, coupled with the Protective Order, appropriately balances Plaintiff's need for such documents and Defendants' concern over harmful disclosure of this information. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information … and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly…. This is not to say personnel files are categorically out-of-bounds. By way of example only, had Ms. Touhy issued a more narrowly targeted request focused only on documents … that might indicate disciplinary action against Ms. Whitlock after Ms. Touhy filed suit, we would face a very different question."). The undersigned rejects Defendants' contention that these documents may be withheld on the basis of confidentiality.

**Conclusion**

In accordance with the foregoing, Drew Hardware's First Motion to Compel [Doc. No. 22] is GRANTED. Defendants shall provide copies of Ms. Buie's performance reviews and discipline documentation from January 1, 2011 through her termination in 2013 to Plaintiff within seven (7) days from the date of this Order.

IT IS SO ORDERED this 18th day of March, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE